UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHWEST IRONWORKERS HEALTH AND SECURITY FUND et al., <br><br> Plaintiffs, <br> v. <br><br> PETERSON REBAR PLACEMENT LLC, <br><br> Defendant. | CASE NO. C24-0586-KKE <br><br> ORDER GRANTING DAMAGES |

On January 17, 2025, the Court granted default judgment in favor of Plaintiffs against Defendant for breach of labor and trust agreements and for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. No. 13 at 4–6. However, the Court found Plaintiffs did not support their request for damages due to various inconsistencies in the record. *Id.* at 6–7. Plaintiffs filed supplemental information to support their request for damages. Dkt. Nos. 14–15. Upon review of the full record, the Court grants Plaintiffs' request and finds Plaintiffs are entitled to $13,212.55 in damages.

I. ANALYSIS

A. Legal Standard

After granting default judgment, the Court must ensure the amount of damages sought is "reasonable and demonstrated by the evidence." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d

ORDER GRANTING DAMAGES - 1

1200, 1211 (W.D. Wash. 2014). Plaintiffs must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." Local Rules W.D. Wash. LCR 55(b)(2)(A).

**B.      Plaintiffs Are Entitled to $13,212.55 in Damages.**

As explained more fully in the Court's prior order (Dkt. No. 13), Defendant agreed to provide monthly reports listing the hours worked and corresponding benefit contributions due to each Plaintiff. Dkt. No. 10 at 9, 30–33, 55–66. Defendant also agreed to pay 16% in liquidated damages and 18% per annum in interest for late payments. *Id.* at 33.

Plaintiffs are entitled to $7,902.93 in delinquent benefits. Plaintiffs provided Defendant's contribution reports for December 2023 through April 2024. Dkt. No. 10 at 48–52. Plaintiff provided a declaration explaining the correct contribution amounts, based on the hours reported by Defendant, for each fund and month. Dkt. No. 15.

Plaintiffs are entitled to $1,131.14 in liquidated damages and $1,136.98 in prejudgment interest. The agreements provide for liquidated damages of "16% or $250, whichever is greater" and 18% per annum for late contributions for five of the ten funds. Dkt. No. 10 at 33, Dkt. No. 15 ¶¶ 15–16.

Plaintiffs are entitled to $2,551.50 in attorney's fees and $490.00 in costs. ERISA allows Plaintiffs to recover reasonable attorney's fees and costs incurred in collecting delinquent contributions. 29 U.S.C. § 1132(g). Plaintiffs submitted a declaration and exhibit showing the amount of reasonable attorney's fees and costs incurred. Dkt. No. 12.

///

///

## II.  CONCLUSION

The Court grants Plaintiffs' request for default damages of $13,212.55.  Interest will accrue at the rate provided in 28 U.S.C. § 1961.[1]

The Clerk shall close the case.

Dated this 13th day of February, 2025.

Kymberly K. Evanson
United States District Judge

---

[1] Plaintiffs' proposed judgment states "Interest shall accrue on all outstanding contributions at the 12% interest rate set for the in the applicable trust agreements."  Dkt. No. 14-1 at 2.  The record lacks evidence to support this rate. LCR 55(b)(2)(B).

ORDER GRANTING DAMAGES - 3